DIANE BANKS AND THOMAS BANKS, HER HUSBAND, PLAINTIFFS, v. WILLIAM J. WALLS AND LLOYD W. GILES, DEFENDANTS.

Superior Court of New Jersey
Law Division

Decided February 27, 1975.

*Mr. Antonio F. Doganiero* for plaintiffs.

*Mr. Richard V. Cosentino* for defendants Walls and Unsatisfied Claim and Judgment Fund Board (*Messrs. Orlando, Yampell, Forgash & Slimm,* attorneys).

*Mr. David Mayfield* for defendant Giles (*Messrs. Martin, Crawshaw and Mayfield,* attorneys).

GRUCCIO, J. S. C. This matter is before the court on a motion of the Unsatisfied Claim and Judgment Fund Board (hereinafter Fund) (a) to be relieved as to the obligation to provide and continue as counsel, and (b) to preclude payment of any judgment from the Fund.

On December 25, 1968 an automobile accident occurred which resulted in the present action. Pursuant to *N. J. S. A.* 39:6–65 a notice of intention to make claim against the Fund was filed by plaintiffs and receipt of such notice was acknowledged by the Fund in January 1969. A physician's certificate was duly filed with the Fund indicating the injuries sustained by plaintiffs as well as any future treatment that might be required. This report also revealed the fact that plaintiff was a minor.

The matter was referred by the Fund to an assigned investigator in March 1969. A complete defense investigation was conducted and the findings submitted to the Fund by report on December 9, 1969, approximately one year from the date of the accident and 11 months from the time the Fund received the notice of intention.

Plaintiff, a passenger and minor as of the date of the accident and filing of the complaint, alleges the joint negligence of both vehicle operators in the intersectional collision. The complaint was received and filed on June 21, 1971 by the Clerk of the Superior Court, the summonses were issued and defendants duly served. The codefendant answered through his carrier. No appearance was entered on behalf of the uninsured driver. This was not noted until the matter

appeared on the trial list and the judge instructed counsel to notify the Fund to assign counsel.

Upon the assignment of counsel the Fund brings this motion. It claims that part of *N. J. S. A.* 39:6-65 which reads that

> * * * a copy of the complaint shall be furnished to the board if an action has theretofore been brought for the enforcement of such claim. Such person shall also notify the board of any action thereafter instituted for the enforcement of such claim within 15 days after the institution thereof and such notice shall be accompanied by a copy of the complaint * * *

has not been complied with.

The Fund contends that this provision, like the notice of intention requirement, is mandatory and failure to satisfy either precludes recovery from the Fund.

The court's attention is directed to the case of *Szczesny v. Vasquez,* 71 *N. J. Super.* 347 (App. Div. 1962), which held that the notice of intention was a mandatory prerequisite in order to obtain access to the fund. *Szczesny* is easily distinguished from the case at bar. The 90-day period required for filing the notice of intention is akin to a statute of limitations; noncompliance with the time provision allows a dismissal of the case. Here the Fund had due and proper notice. It completely investigated the case, requested medical reports, bills and estimated bills, knew all the witnesses and was aware of the potential value of the case.

Although this provision of the statute before the court has not been interpreted directly by our courts, we are not without guidance from our appellate courts in similar circumstances.

The instant matter can be compared with the provision in our rules requiring that the summons be issued within ten days of the filing of the complaint. *R.* 4:4-1. This provision was construed in a matter not unlike the facts in the instant proceeding in *McLaughlin v. Bassing,* 100 *N. J. Super.* 67 (App. Div. 1967), dissenting opinion adopted *per curiam* in 51 *N. J.* 410 (1968).

In *McLaughlin* defendant was aware of the accident. Here the Fund was also aware of the accident. In *McLaughlin* defendant had received plaintiff's medical reports. Here, also, the Fund received the medical and hospital reports and was aware of the nature and the extent of plaintiff's injuries. In both cases suit was filed before the statute of limitations had run.

In this case the Fund *unilaterally* closed its file, knowing that the claim involved a minor. The Fund's investigation and knowledge of the accident precludes any specific or demonstrable prejudice.

The Fund alleges it did not receive a copy of the complaint, or at least its file so indicates. Plaintiffs' counsel contends that a copy of the complaint was sent to the Fund on June 18, 1971, and the evidence presented by plaintiffs indicates to me that the Fund was mailed a copy of the complaint.

■■ Assuming, *arguendo,* the Fund did not receive the complaint, its motion would still be denied in the absence of a clear showing of prejudice. The legislation creating the Fund can be considered remedial social legislation and should be liberally construed "to advance the remedy, due regard being had for the protection of the fund and the realization of the legislative design." *Giacobbe v. Gassert,* 29 *N. J.* 421, at 425 (1959). The provisions of the statute should be liberally read and applied to serve and not to subvert the substantive policy of relief in the given circumstance. *Giacobbe v. Gassert, supra.*

The Fund is fully protected; it has a thorough and complete investigation by its chosen investigator. Ninety days have elapsed since this court noticed the Fund and it assigned counsel. Full exchange of discovery and medical reports have been completed. This biforcated trial will proceed as to liability, and then damages. Additional time is available to further explore the medical aspects should the Fund so desire.

The court refuses to countenance counsel's failure to follow up his file by letter or notice to enter default, but this should not penalize this injured plaintiff. Absent clearly demonstrable prejudice, we follow the lead of *McLaughlin v. Bassing, supra,* and deny the motion by the Fund.